IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARRY W. WANGEROW, *<br>      Plaintiff, | |
| | * |
| v. | CIVIL ACTION NO.  WMN-12-3356 |
| | * |
| AT&T MOBILITY,<br>      Defendant. | * |
| | ****** |

## ORDER

The above-captioned case was filed on November 9, 2012, together with a motion to proceed in forma pauperis. Because he appears indigent, plaintiff's motion (ECF No. 2) will be granted.

Plaintiff indicates he has been a cell phone customer of AT&T Mobility since 2005 and has always had an unlimited data plan. He complains that the company is attempting to implement new policies and practices and is "stealing [his] 4G speed" for which he pays monthly fees. ECF No. 1 at 2. Plaintiff resides in Maryland and provides a Georgia address for Defendant. Plaintiff has indicated that he has filed suit in this court based on this court's diversity jurisdiction. He does not specify actual money damages other than the "total amount paid [to]AT&T since 3-5-05" and "damages for pain and suffering." *Id.* at 3.

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. The court, sua sponte, at any stage of a proceeding, may raise the question of subject matter jurisdiction. *See Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985). Unless the case involves specialized issues such as admiralty and patents, a federal district court

typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied.

In this case, because the complaint does not present a federal question, it appears plaintiff intends to bring this matter pursuant to diversity of the parties. *See* 28 U.S.C. § 1332. Title 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties that reside in different states. The court can imagine no scenario where a monthly cell phone plan with unlimited use would accrue sufficient cost over a seven year period such that the amount in controversy exceeds $75,000; thus, diversity of citizenship cannot be the basis for this court's subject matter jurisdiction. In the absence of any basis for subject matter jurisdiction, the court shall dismiss the complaint without prejudice.

Accordingly, it is this 27th day of November, 2012, by the United States District Court for the District of Maryland, hereby ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) IS GRANTED;
2. The complaint IS DISMISSED without prejudice;
3. The Clerk SHALL PROVIDE a copy of this Order to plaintiff; and
4. The Clerk SHALL CLOSE this case.

_____/s/_____
William M. Nickerson
United States District Judge